UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

MICHAEL J. PICAZIO                    Case No.: 12-13653-BKC-JKO
                                      Chapter 11

          Debtor.
_____/

### UNITED STATES TRUSTEE'S *EX PARTE* MOTION TO DISMISS OR CONVERT

Donald F. Walton, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b) and

this Court's *Order Granting Motion to Extend Time to Submit Tax Returns* [D.E.# 85], respectfully

moves this Court to enter an order converting or dismissing this case, and in support thereof states:

1.      On February 15, 2012, Michael J. Picazio (the "Debtor") filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.

2.      The United States Trustee has not appointed a committee of unsecured creditors.

3.      The Meeting of Creditors ("341 Meeting"), pursuant to Section 341 of the

Bankruptcy Code was held on March 15, 2012 and continued to May 10, 2012.

4.      On April 22, 2012, the Debtor filed the *Motion for Extension of Time to Submit Tax*

*Returns* [D.E.#77], seeking "an extension of time to file his overdue tax returns."

5.      On April 26, 2012, this Court entered the *Order Granting Motion to Extend Time to*

*Submit Tax Returns* [D.E.# 85] providing in pertinent part that:

> No later than May 4, 2012 at 4:00 p.m., the Debtor shall file with the
> IRS and serve upon counsel for the United States Trustee all tax
> returns for himself and all business entities which he controls for tax
> years 2005, 2006, 2007, 2008, 2009, 2010, and 2011.

6.      On May 4, 2012, the Debtor sent counsel to the United States Trustee copies of tax returns for 2005-2010 for the Debtor and Commercial Hood & Trap Services, Inc. ("Commercial Hood").  Additionally, the United States Trustee was also provided with copies of applications for extension to file the 2011 tax returns for the Debtor and Commercial Hood.

7.      Contemporaneously, on May 4, 2012, the Debtor filed a *Notice of Filing* [D.E.#93] indicating that tax returns for 2005-2010 for the Debtor and Commercial Hood had been filed with the Internal Revenue Service ("IRS").

8.      Additionally, on May 4, 2012, the Debtor filed the *Motion for Extension of Time to Submit Additional Tax Returns* [D.E.#94] ("Motion for Extension") seeking an extension of time to May 10, 2012, to file "(a) 2011 individual return (on extension); (b) 2011 corporate return for Commercial Hood (on extension); and (c) final (closing) tax returns for Debtor's other entities (non-operating, non-primary, and closed entities)." *See Motion for Extension* at §2.

9.      Counsel to the United States Trustee conferred with Debtor's counsel prior to filing the instant motion and at that time Counsel to the United States Trustee was informed that it is the Debtor's intent to have all remaining tax returns filed with the IRS and submitted to the United States Trustee prior to the continued 341 Meeting currently scheduled for May 10, 2012 at 10:00 a.m.

## RELIEF REQUESTED

10.     By way of this Motion, the United States Trustee seeks dismissal or conversion of this case.

11.     Dismissal or conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests

of creditors and the estate, if the movant establishes cause.

12.     The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists

sixteen (16) examples of cause which justify dismissal or conversion:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> appears
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
> (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

*See* 11 U.S.C. § 1112(b)(4).

13.     In   this  case,  at  a  minimum,  the  record  supports  a  finding  of  cause  under

§1112(b)(4)(E) sufficient to warrant dismissal or conversion where the Debtor has failed to comply with this Court's Order requiring that the Debtor file with the IRS and serve upon counsel for the United States Trustee all tax returns for himself and all business entities which he controls for tax years 2005, 2006, 2007, 2008, 2009, 2010, and 2011.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7 and for such other and further relief as may seem just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that I contacted the opposing party to attempt to resolve these issues before filing the instant Motion.

DATED:  May 4, 2012

Donald F. Walton
United States Trustee
Region 21

/s/ Zana M. Scarlett
Zana M. Scarlett
Trial Attorney
Florida Bar No. 626031
United States Department of Justice
Office of the United States Trustee
51 SW 1st Ave., Room 1204
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360
Zana.M.Scarlett@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of foregoing was served on May 4, 2012on the following parties, electronically through CM/ECF on the parties appearing electronically and via U.S. Mail, postage prepaid, on the parties not appearing electronically.

/s/ Zana M. Scarlett
Zana M. Scarlett, Trial Attorney

John G. Bianco III     jgb@trippscott.com, bankruptcynoticecenter@trippscott.com

Douglas C Broeker    doug@broekerlaw.com, Jessica@broekerlaw.com; Claudia@broekerlaw.com

Michael J. Eisler    meisler@strauseisler.com

Matthew H Scott    mhs@trippscott.com, bankruptcy@trippscott.com

Charles   J   Zimmerer              charles@cjzfirm.com,    charlesjzimmerer@hotmail.com, santiagogarces.j@gmail.com, info@dipietro-law.com